## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

MICHAEL P. REES,                        )
                                              )
                  Petitioner,            )
                                                )
         v.                           )         Criminal Case No.  18-10033
                                            )         Civil Case No.  20-1374
                                            )
UNITED STATES OF AMERICA,      )
                                            )
                  Respondent.       )

## <u>ORDER AND OPINION</u>

Before the Court is Petitioner Michael P. Rees's ("Petitioner") Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255. ECF No. 65. [1] For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

On March 26, 2018, the Court issued search warrants for Petitioner's house in Pekin, Illinois; apartment in Normal, Illinois; and pickup truck for evidence of the possession, receipt, or distribution of child pornography. ECF No. 23. The warrants were based on a seventeen-page affidavit submitted by Detective William Lynn of the Bloomington, Illinois Police Department, a Special Federal Officer with the FBI Child Exploitation Task Force. *Id.* The affidavits provided details regarding the investigation conducted against Petitioner and how there was probable cause to believe evidence of child pornography would be found in Petitioner's house, college apartment, and truck.

---

[1] All citations are to Petitioner's criminal docket 18-10033.

On March 29, 2018, law enforcement officials executed the search warrants. They seized a desktop computer, tablet, and smartphone from Petitioner's apartment. They also seized a laptop computer, tablet, two smartphones, three external hard drives, and other storage media from Petitioner's house. ECF No. 39 at 7. Upon searching these devices, investigators found multiple still images and video files of child pornography, equivalent to more than 22,000 images. *Id*. at 7, 9.

On June 20, 2018, the grand jury returned a five-count indictment charging Petitioner with four counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). ECF No. 1. On October 29, 2018, Petitioner moved to suppress all evidence discovered under the search warrants, arguing that the information in the supporting affidavit was stale. ECF No. 23. On December 13, 2018, the Court denied Petitioner's motion, holding that the affidavit established probable cause and that the executing officers appropriately relied on the warrants under *United States v. Leon*, 468 U.S. 897 (1984). ECF No. 36 at 62.

On January 8, 2019, Petitioner pled guilty to the five counts pursuant to a plea agreement, and subject to his right to appeal the denial of his motion to suppress. ECF No. 29. On June 26, 2019, the Court sentenced Petitioner to ninety-seven months' imprisonment on all counts to run concurrently and to be followed by ten years of supervised release. Docket Entry 6/26/2019.

On June 27, 2019, Petitioner filed an appeal and raised two issues: (1) were the search warrants issued based on probable cause, and (2) if the warrants were invalid, was the evidence obtained from the searches nevertheless admissible because the officers relied on the warrants in objective good faith. ECF No. 42; *United States v. Rees*, 957 F.3d 761 (7th Cir. 2020). The Seventh Circuit affirmed the rulings of this Court, holding that: (1) the search warrant affidavit established

probable cause for the issuance of search warrants for Petitioner's apartment, house, and truck for evidence of child pornography; (2) the information in the affidavit was not stale; and (3) even if the affidavit did not establish probable cause, the good-faith exception to the exclusionary rule applied. *Id*. at 761.

On October 27, 2020, Petitioner filed his initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 63. After this Court's initial preliminary review, it found that Petitioner's first ground, ineffective representation, was "confusing, vague, and lacked any basis in fact or law." *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). However, it allowed Petitioner to replead this first ground, if he could do so within good faith. The Court dismissed Petitioner's second ground, judicial bias, because he did not develop any argumentation surrounding this point and it was comprised of "airy generalities, conclusory assertions and hearsay statements" about the FBI agent assigned to his case being overzealous. *See United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir. 1987). On December 28, 2020, Petitioner filed this instant § 2255 Petition, where he repleads his first ground based on ineffective assistance of counsel.[2] ECF No. 65. In this instant § 2255 Petition, Petitioner claims: (1) that the search warrant was vague, thereby violating substantive and procedural due process; and (2) that counsel's failure to investigate the totality of circumstances amounted to ineffective representation. *Id*. On February 1, 2021, the Government filed a response. ECF No. 68. This Opinion follows.

## STANDARD OF REVIEW

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that his sentence was imposed "in violation

---

[2] Attorney Charles Schierer represented Petitioner once he was indicted all the way through sentencing.

of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). If a petitioner is able to successfully assert a violation, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). This is an extraordinary remedy because a petitioner seeking § 2255 relief has already "had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Post-conviction relief under § 2255 "is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations and citation omitted). In deciding a § 2255 motion for post-conviction relief, "evidence and inferences drawn from it are viewed in a light most favorable to the government." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000).

A Section 2255 motion does not require an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Mere speculation does not warrant an evidentiary hearing, as the petitioner must file a detailed and specific affidavit showing "the petitioner has actual proof of his allegations beyond mere unsupported assertions." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). It is well-established that the affidavit is "a threshold requirement; its absence precludes the necessity of a hearing." *Id.*

In the present case, an evidentiary hearing is not required. After careful review of the § 2255 Motion, files, and records, the Court concludes that any factual matters raised by the Motion may be resolved on the papers.

4

## ANALYSIS

### I.    Search Warrant

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

Here, Petitioner already argued on direct appeal that the affidavit in support of the search warrants failed to establish probable cause because the information was vague and stale. Petitioner has not made a showing of new evidence or changed circumstances. Accordingly, he is procedurally barred from bringing this issue in his § 2255 Motion.

### II.   Ineffective Assistance of Counsel

The right to counsel is the right to effective assistance of counsel. *Missouri v. Frye*, 132 S.Ct. 1399, 1404 (2012). To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the *Strickland* test requires both deficient performance and prejudice, an ineffective assistance of counsel claim can fail for lack of prejudice "without ever considering the question of counsel's actual performance," and vice versa. *United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009).

In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In order to establish deficient performance, "the petitioner must show 'that counsel's representation fell below an objective standard of reasonableness.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688)). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) (internal quotations and citation omitted). "Importantly, '[j]udicial scrutiny of counsel's performance must be highly deferential,' indulging a 'strong presumption' of effectiveness to combat 'the distorting effects of hindsight.'" *Atkins v. Zenk*, 667 F.3d 939, 944–45 (7th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

Petitioner contends his counsel, Charles Schierer, should have conducted further investigation into particular aspects of the case, including: (1) that Petitioner's behavior was not consistent with people who possess child pornography; (2) whether his computer was hacked or used by others; and (3) that the task force officer could not have opened the identified file, thereby misleading the magistrate judge and framing Petitioner.

Petitioner provides no support beyond the phrase "Rees's behavior [sic] not consistent with people who possess child pornography." ECF No. 65 at 4. He also does not explain how this amounts to ineffective assistance of counsel. Petitioner cannot rely on blanket statements without providing more allegations of how counsel was ineffective in this manner. *See United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001) ("An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of

misconduct.") "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority are waived (even where those arguments raise constitutional issues)." *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000). Accordingly, the Court does not find Petitioner's attorney was ineffective on this claim.

Regarding counsel failing to investigate whether Petitioner's computer was hacked, or whether others had downloaded the images, Mr. Schierer stated that he consulted with forensic evidence experts and " . . . did not receive an opinion that the forensic evidence would exonerate the Petitioner or point to another possible suspect." ECF No. 68-1 at 2. He further elaborated by stating the following:

> . . . it is my practice to discuss whether other people may have had access to his computer. In this case, I made an issue of the fact that he had roommates in my Motion to Suppress and in arguments before the court. . . . However, for Petitioner, there was a second investigation that pointed to his private residence in Pekin, Illinois, a place he lived, when not in school, on his own. It's my memory that I believed a jury would find it easy to believe that it was the Petitioner who had accessed the child pornography at the Bloomington address, where he had roommates.

*Id*. at 2-3. Based on the foregoing, the Court finds that Mr. Schierer's performance was not deficient and did not prejudice the defense. In examining counsel's conduct, courts are "highly deferential" to counsel and presume that the decisions constitute reasonable litigation strategy. *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005). Counsel's conduct is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *See id*. at 694. Petitioner also has not shown that Mr. Schierer's representation fell below an objective standard of reasonableness. *See Id*. at 688. Based on the foregoing, the Court does not find Petitioner's attorney was ineffective on this claim.

Petitioner also states that counsel did not research the technology surrounding the "sha1 hash value" encrypted file and that the task force officer could not have opened this file. *See* ECF No. 65 at 5. According to the record, Detective Lynn's affidavit explained how the eDonkey network tracks and credits users for their sharing activity and that it does so by assigning each user a "user hash." ECF No. 23-1 at 9. This allows officers to see which user is offering to share particular files. *Id.* When officers log on to peer-to-peer networks and find files containing child pornography, the officers record the information in the database. *Id.* This database is shared by multiple law enforcement agencies. *Id.* The affidavit established that child pornography was offered over the eDonkey and BitTorrent networks from Petitioner's apartment building in Normal, Illinois and from his house in Pekin, Illinois. *Id.* at 14-15. Mr. Schierer contends that "[o]n multiple occasions … I provided Petitioner with the affidavits and search warrants. ECF No. 68-1 at 2. The affidavits also formed the basis of Petitioner's motion to suppress. ECF No. 23. As such, Petitioner was aware of the contents of the affidavits including the technology Detective Lynn used to access the files.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Strickland*, 466 U.S. at 689. The Court does not find that Mr. Schierer was ineffective on this claim as he shared the affidavits with Petitioner, moved to suppress the evidence based off the information shared in the affidavits, and even consulted with forensic experts regarding the evidence. Accordingly, the Court denied Petitioner's § 2255 Motion on this ground.

### III.    Guilty Plea

Additionally**,** Petitioner contends that he "pleaded guilty out of fear and intimidation, threats by the government for more time." ECF No. 65 at 6. Mr. Schierer stated that he was unaware of any person communicating a threat to Petitioner or attempting to intimidate him. ECF No. 68-1 at 2. According to Mr. Schierer's affidavit, "[u]ltimately, Petitioner agreed that the best course forward was to enter a plea of guilty. He appeared calm and at peace with his decisions . . . ." *Id.* The record does not establish that fear or intimidation occurred in this instance. In executing the plea agreement, Petitioner stated that he fully understood the agreement and agreed "to it voluntarily and of [his] own free will" and that " . . . [n]o threats, promises, or commitments ha[d] been made to [him]…and no agreements ha[d] been reached to influence [him] to plead guilty . . . ." ECF No. 29 at 20. Petitioner has not provided any further support surrounding this claim. Accordingly, the Court does not find Petitioner has established that counsel was deficient on this claim or that he was intimidated to plead guilty.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court does not find that Petitioner has made a substantial showing of the denial of a constitutional right. No claims raised before this Court have presented issues debatable among reasonable jurists. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's [65] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is DENIED. The Court declines to issue a Certificate of Appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close the civil case.

ENTERED this 6th day of April, 2021.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge